UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHARON MARKOWITZ,

    Plaintiff,

v.

WATCHES OF SWITZERLAND GROUP USA, INC.,
WATCHES OF SWITZERLAND LLC., and
MAYOR'S JEWELERS, INC.

    Defendants.

_____/

## COMPLAINT

Plaintiff, SHARON MARKOWITZ, by and through her undersigned counsel, sues the Defendants, WATCHES OF SWITZERLAND GROUP USA, INC., WATCHES OF SWITZERLAND LLC., and MAYOR'S JEWELERS, INC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of SHARON MARKOWITZ under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA"), the Florida Civil Rights Act of 1992 ("FCRA"), and the Workers' Compensation Law, F.S. 440.205 to redress injuries done to her by the Defendants, WATCHES OF SWITZERLAND GROUP USA, INC., WATCHES OF SWITZERLAND LLC., and MAYOR'S JEWELERS, INC.

2. The unlawful acts which gave rise to this Complaint occurred within Palm Beach County, Florida during the term of Plaintiff's employment with Defendants, making venue proper in this District pursuant to 28 U.S.C. § 1391.

1

## PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of Palm Beach County, Florida and is otherwise *sui juris*.

4. As an individual over the age of 40, Plaintiff is a member of a protected class under the ADEA and the FCRA because the terms, conditions, and privileges of her employment were altered because of her age.

5. Defendants are not a government agency. At all times material hereto, Defendants were Plaintiff's employer as defined by law.

6. At all times material hereto, Defendants have employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADEA and FCRA.

7. At the relevant time, Plaintiff was injured while working for the Defendants, and, as such, Plaintiff is a member of a protected class under Section 440.02, Florida Statutes.

8. At all times material hereto, Defendants were Plaintiff's employer within the meaning of Section 440.02, Florida Statutes.

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendants with the Equal Employment Opportunity Commission.

10. Plaintiff's charge was filed within 300 days after the last instance of discrimination occurred.

11. Plaintiff was issued three Notices of Right to Sue on February 24, 2023. This suit is filed in accordance with those three Notices and within the applicable ninety-day time limitation (Copies of the Notices are attached hereto as Composite Exhibit "A").

12. All conditions precedent to the maintenance of this action by Plaintiff have occurred or have been waived.

13. Plaintiff has retained the undersigned law firm as her legal counsel in connection with this action and is obligated to pay reasonable attorney's fees and all costs incurred in connection with this action.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

14. Plaintiff began working for Defendants in November 2013 as an administrative assistant. At the time of Plaintiff's unlawful termination, she was the repair coordinator.

15. As the repair coordinator, Plaintiff's primary duties and responsibilities were inventory, assisting in shipping and receiving, updating clients, phone calls with the factory, checking on repairs, and handling invoices.

16. At all times relevant hereto, Defendants regarded Plaintiff as an individual who was over 40 years of age.

17. When the Defendants unlawfully terminated the Plaintiff, she was 74 years old.

18. Throughout the Plaintiff's employment, Defendants never issued any writeups to Plaintiff. In fact, Ms. Lorri Nelson, the group Director, often praised the Plaintiff's performance. However, since the Plaintiff was the oldest employee, the Defendants, in particular Mr. Mick Howard, Store Director, in his late 50's, began to target the Plaintiff based on her age.

19. The Plaintiff turned 70-years-old in 2018. The Plaintiff took the day off for her birthday and when she came back Mr. Howard said, "I had no idea you were that old."

20. In May 2021, a prior manager for the Defendants accidentally smashed the Plaintiff's arm in a cart where employees placed merchandise. The Plaintiff told Mr. Howard what occurred. The Plaintiff went to the hospital. The Plaintiff did not have a broken arm, but the area

was badly bruised, and the hospital bandaged it. The Plaintiff went to work the next day. The Defendants, in particular May Ding, prior office manager, offered the Plaintiff workers' compensation information but the insurance company never paid the bills. The Plaintiff started received the unpaid medical bills from a collection office. The Plaintiff then reached out to Human Resources and eventually the Defendants paid the bills.

21. In 2021, Mr. Howard stopped saying hello to the Plaintiff and stopped inviting her to meetings. His entire attitude towards the Plaintiff changed and he became cold and distant.

22. In 2021, there were three employees, including the Plaintiff, working out of a very small area because the store was being renovated.

23. In the last couple months of 2021, two of the Plaintiff's coworkers resigned their employment with Defendants. Since Defendants did not hire replacements, the Plaintiff ended up taking on additional duties and responsibilities - often doing the work of three people. Even with the additional duties and responsibilities, the Plaintiff continued to excel in performing her job, frequently receiving compliments and accolades from Ms. Lorri Nelson and management.

24. In January 2022, the Defendants hired a young man in his 30s as Operations Manager.

25. In February 2022, the Defendants hired a woman in her 50s as Office Manager. These two people were hired before the Plaintiff left for her one-week vacation in February 2022.

26. Before the Plaintiff went on vacation, she met with Mr. Howard and Ms. Nelson. During this meeting, Ms. Nelson told the Plaintiff that they were trying to get the Plaintiff more help because they knew how hard she was working.

27. The Plaintiff came back from vacation on March 1, 2022. It was a regular day and she started by trying to catch up on work. The Plaintiff was scheduled off on March 2, 2022. On

March 3, 2022, Mr. Howard called the Plaintiff into his office. He asked the Plaintiff about a missing package purportedly containing $30,000.00 worth of jewelry. The Plaintiff asked him when the package arrived, but he did not tell her. He accused the Plaintiff of misplacing the package behind her desk. The Plaintiff did not misplace any package. Further, there are cameras everywhere inside, including in the Plaintiff's office.  When the Defendants receive a shipment, it is also logged inside a book. Mr. Howard admitted that he did not look at the tapes for the cameras. The Plaintiff learned that the Defendants found the package and nothing was missing. Defendants never conducted an investigation into the missing package. Despite this, Mr. Howard terminated the Plaintiff's employment.

28. The Plaintiff learned that the Defendants hired a younger woman to fill her position.

29. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover his attorney's fees from Defendants pursuant to statute.

### COUNT I: VIOLATION OF THE ADEA
**(Discrimination on the Basis of Age)**

30. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

31. Because Plaintiff is an older woman the Defendants discriminated against the Plaintiff, and the Defendants refused to take any action to prevent the discrimination.

32. Defendants do not treat younger, similarly situated employees in the same manner as Defendants treated Plaintiff.

33. Upon information and belief, the Defendants do not accuse younger employees of misplacing packages without any proof and/or without doing a thorough investigation to suggest the employee did indeed mishandle a package.

34. Upon information and belief, the Defendants do not make age-related comments to younger employees and do not treat them in a cold and unwelcoming manner.

35. Defendants did not have a legitimate, non-discriminatory reason for accusing the Plaintiff of misplacing a package and/or treating the Plaintiff differently from younger employees.

36. Defendants had no good faith basis for discriminating against the Plaintiff by treating her differently than younger employees. Defendants based its actions on Plaintiff's age, and Plaintiff is entitled to liquidated damages based on these actions.

WHEREFORE, Plaintiff hereby requests that this Court issue a declaratory judgment that the discrimination against Plaintiff by Defendants was a violation of Plaintiff's rights under the ADEA; require that Defendants make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff judgment against Defendants to compensate her for all lost wages and benefits, together with liquidated damages for Defendants' willful violation of the ADA, attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as this Court deems just and appropriate

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Age)**

37. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

38. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

39. The discrimination to which Plaintiff was subjected was based on her age.

40. Because Plaintiff is an older woman, the Defendants discriminated against the Plaintiff, and the Defendants refused to take any action to prevent the discrimination.

41. Defendants do not treat younger, similarly situated employees in the same manner as Defendants treated Plaintiff.

42. Upon information and belief, the Defendants do not accuse younger employees of misplacing packages without any proof and/or without doing a thorough investigation to suggest the employee did indeed mishandle a package.

43. Upon information and belief, the Defendants do not make age-related comments to younger employees and do not treat them in a cold and unwelcoming manner.

44. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

45. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

46. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her being a female in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

47. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of her age, in violation of the FCRA.

48. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's age.

Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her age.

49. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendants to compensate her for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendants' discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## COUNT III: VIOLATION OF SECTION 440.205, FLORIDA STATUTES

50. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

51. Florida Statute 440.205 states: No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

52. After Plaintiff was injured on the job, she had a right to seek medical treatment through the workers' compensation carrier and/or servicing agent of the Defendants or via a private medical facility.

53. Plaintiff's injuries were of such a severity that she required evaluation and treatment.

54. Defendants were aware the Plaintiff was an employee who had been hurt on the job and was eligible for workers' compensation benefits. Although, the Defendants offered workers' compensation information to the Plaintiff, they did not pay the medical bills until the Plaintiff was contacted by a collection agency.

55. Upon information and belief, the Defendants terminated Plaintiff's employment because Plaintiff had been injured at work and had applied/was eligible for worker's compensation benefits.

56. Defendants' decision to terminate the Plaintiff was causally related to the Plaintiff's injury and eligibility for workers' compensation benefits because of the temporal proximity between the Plaintiff's use of benefits pursuant to the workers' compensation laws and Defendants' termination of Plaintiff. The Defendants knew or should have known of Plaintiff's entitlement to workers' compensation benefits.

57. The termination only occurred because the Plaintiff was entitled to engage in, or did engage in, the statutorily protected activity of seeking medical treatment after getting hurt while working for the Defendants.

58. The Defendants are liable to the Plaintiff for emotional distress because of Defendants' intentional acts. Due to the Defendants' actions, Plaintiff has suffered emotionally.

59. As a direct and proximate result of the Defendants' unlawful and willful actions, as set forth above, the Plaintiff has suffered damages and will continue to suffer damages in the future, including, but not limited to: loss of past and future income; loss of other fringe benefits; stress, mental anguish, anxiety, and emotional distress; loss of capacity for the enjoyment of life; medical care and treatment; and other financial losses.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendants to compensate her for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to her professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendants' actions, and punitive damages in an amount to be determined at trial; costs, prejudgment and post judgment interest, and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of May 2023

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff